```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

DARREN MALLARD, #366098                         CIVIL ACTION

VERSUS                                          NO: 04-1437

BURL CAIN, WARDEN                               SECTION: "J" (1)
```

### ORDER AND REASONS

Before the Court are petitioner's Objections to the Magistrate's Report and Recommendations. (Doc. 11.) No response was filed to the objections. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the Court has reviewed de novo those portions of the report and recommendations to which objection was made. The Court finds that petitioner is not entitled to the relief he seeks.

### BACKGROUND

On May 18, 2004, petitioner, through counsel, filed this federal application for habeas corpus relief. In support of his application, he raises the following claims:

> 1. There was insufficient evidence to support petitioner's habitual offender adjudication;
>
> 2. Petitioner received ineffective assistance of counsel at trial;

      3. Petitioner received ineffective assistance of counsel on appeal;

      4. The trial court improperly refused petitioner's request to plead guilty; and

      5. The prosecution withheld impeachment evidence from the defense in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

The Magistrate Judge recommended denying all of petitioner's claims. The petitioner now seeks review of certain aspects of the first and second claims. Petitioner objects to the Magistrate Judge's finding that there was sufficient evidence before the sentencing court that petitioner waived his plea. Petitioner also objects to the Magistrate Judge's finding that trial counsel was sufficient even though it failed to challenge all of the predicate offenses used by the State in the habitual offender proceedings.

Pursuant to Louisiana law for increased punishment of habitual offenders, petitioner had his sentence enhanced at a hearing following his third felony conviction. Counsel for petitioner failed to challenge the validity of one of his predicate convictions, the "1988 conviction", at the hearing, although another predicate conviction was successfully challenged. Petitioner was sentenced to life in prison without

parole, probation, or suspension of sentence. After a successful post-conviction petition to the Louisiana First Circuit, the district court vacated petitioner's earlier life sentence and determined that a new sentence should be imposed under the correct (pre-1995) version of the habitual offender law. Petitioner sought to have his habitual offender status reheard, and also sought to have the "1988 conviction" quashed before the re-sentencing. The district court denied both motions. Petitioner was sentenced to 40 years without parole, probation, or suspension of sentence.

    Petitioner appealed the district court's decision not to rehear the habitual offender status and the failure to quash the "1988 conviction". The Louisiana First Circuit indicated that the habitual offender status had not been raised in the first post-conviction writ. Therefore the issue of habitual offender status was not before the district court after remand for re-sentencing. But the Louisiana First Circuit said the issue could be raised in a further post-conviction proceeding. Accordingly, petitioner filed a second post-conviction petition in the Louisiana district court raising the issue of the inadequacy of the "1988 conviction" and the ineffectiveness of counsel in failing to object to the 1988 conviction's use. Petitioner challenged his "1988 conviction" because he was unrepresented when he plead no

contest and never properly waived counsel. The Louisiana district Court denied this claim summarily on the grounds that the district court at the 1988 plea hearing had found petitioner's waiver to be adequate and that the Louisiana First Circuit had already rejected petitioner's argument.[1] Writs for post-conviction relief were denied by the Louisiana First Circuit and the Louisiana Supreme Court.

In his federal habeas petition, petitioner again raises the claim that the evidence of his "1988 conviction" was insufficient because he was not represented by counsel when he plead no contest and there was no effective waiver. If the "1988 conviction" was unreliable and not properly in evidence, then an earlier 1985 conviction could not be used to enhance sentence because the seven year cleansing period would have elapsed between the 1985 conviction and the third offense.

The Magistrate Judge found that the insufficient evidence claim was not presented at the first enhancement hearing, so a presumption of regularity attached to the "1988 conviction". The Magistrate Judge also found that there was no requirement that petitioner be represented by counsel because he effectively

---

[1] As noted by the Magistrate Judge, the First Circuit never addressed the merits of the adequacy of the "1988 conviction".

waived his right to counsel at the plea hearing.[2] Petitioner's objection to the Report and Recommendation, although not a model of clarity, now focuses the Court on the Magistrate Judge's finding the 1988 waiver of counsel was effective.

## DISCUSSION

### A. *Sufficiency of the Evidence*

The habitual offender statute provides the procedure and the shifting burden of proof for prior convictions as follows:

> Except as otherwise provided in this Subsection, the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. If the person claims that any conviction or adjudication of delinquency alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the prosecutor. A person claiming that a conviction or adjudication of delinquency alleged in the information was obtained in violation of the Constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

La.R.S. § 15:529.1 (D)(1)(b).[3]

---

[2] Because the Magistrate Judge did not consider the merits of the insufficient evidence claim as such, this finding is made in relation to the ineffective assistance of counsel claim.

[3] State law, not federal law, allocates the burden of proof when a collateral attack on a prior conviction is allowed. *See*,

The Magistrate Judge relied on the presumption that the "1988 conviction" is valid, and the fact that the Petitioner did not object to the "1988 conviction" at the habitual offender hearing. (Doc. 10 at 16.) Because it was not raised at the hearing, the Magistrate Judge found the claim barred based on the last sentence of the provision.

The state was allowed to rely on the presumption of a valid waiver, *see Parke v. Raley*, 506 U.S. 20 (1992), and the Magistrate Judge found this presumption and petitioner's failure to object at the first habitual offender hearing to be dispositive. Petitioner argues that although he did not file a written objection at the first hearing, he did object after the first sentence was vacated and before he was re-sentenced.

"When...state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims." *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). But federal courts "presume the adequacy and independence of a state procedural rule when the state court expressly relies on it in deciding not to review a claim for collateral relief." *Id*. The adequate and independent state ground doctrine does not apply where the state's reliance on the procedural bar is ambiguous. *Harris v. Reed*, 489 U.S. 255, 262

---

*Iowa v. Tovar*, 541 U.S. 77, 92 (2004).

(1989).

In petitioner's case, the State court did not expressly rely on the procedural bar. The appellate court indicated that plaintiff was free to pursue his claim in a second collateral proceeding. The district court relied on the 1988 court's finding that petitioner was properly advised of his rights. State Rec. Vol. 7, Order of Dismissal at 2. Although petitioner may or may not have been procedurally barred by state law from raising the claim after the hearing, it does not appear that the State district or appellate courts considered him to be barred. A federal court is not required to raise a state procedural bar that was not relied on by the state. *See Trest v. Cain*, 522 U.S. 87, 89 (1997), vacating *Trest v Whitely*, 94 F.3d 1005 (5th Cir. 1996). However, even absent a procedural bar, this Court cannot grant petitioner the relief he requests, due to the standard of review applicable to this case.

Although both the Report and Recommendation and the petitioner's objections cite to and rely on Louisiana cases to determine whether the waiver of counsel was effective at the "1988 conviction" hearing, this Court looks to clearly established federal law, rather than state law. 28 U.S.C. § 2254(d)(1); *Powell v. State of Ala.*, 287 U.S. 45, 52 (1932). This makes petitioner's challenge more difficult because even if

7

Louisiana would afford him more protection, this Court will only intervene if the federal Constitution as interpreted by the United States Supreme Court would have clearly protected him, and the State failed to meet its requirements. This Court is required to defer to the State's finding that the evidence of the "1988 conviction" was sufficient, unless that finding is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Santellan v. Cockrell*, 271 F.3d 190 (5th Cir. 2001).

In his post-conviction brief, Petitioner argued that "[t]he transcript of the plea taken on March 10, 1988 in Case No. A887377 reflects that Mallard <u>was not represented by counsel</u> when he pled guilty nor is there any evidence that a valid waiver of the right to counsel was obtained." State Rec., Vol. 7, Brief in Support of Post-Con Relief at 10 (emphasis in original). Petitioner then referred the State district court to the attached *Boykin* transcript of the 1988 plea hearing. Petitioner went on to argue that the judge and not the district attorney was required to inform petitioner of his rights in order to elicit an effective waiver. This argument was incorrect. *See Buckley v.*

8

*Butler*, 825 F.2d 895, 900 (5th Cir. 1987).

The Louisiana district court rejected the ineffective waiver claim because "[t]he transcript indicates that the Hon. Sam Cianchetti was presiding as judge of that court, and that he states 'the Court finds at this time that you've been properly advised of your constitutional rights and the consequences of your plea.'" State Rec., Vol. 7, Order of Dismissal Without Answer at 2.

Were this Court proceeding in the first instance, or on direct review of an assignment of error, this Court may very well have found that the 1988 waiver was insufficient or that the State district court erroneously determined the facts based on the evidence before it. "The constitutional requirement [for warning about waiving the assistance of counsel] is satisfied when the trial court informs the accused of the nature of the charges against him, of his right to be counseled regarding his plea, and of the range of allowable punishments attendant upon the entry of a guilty plea." *Iowa v. Tovar*, 541 U.S. 77, 81 (2004).[4] "The information a defendant must possess in order to make an intelligent election, our decisions indicate, will depend

---

[4] *Tovar* was decided about a year and a half after the Louisiana district court denied petitioner's ineffective waiver claim, but it contains no new law for the issues before the Louisiana court.

on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." *Id.* at 88 (citing *Johnson v. Zerbst*, 304 U.S. 458, at 464 (1938)). At the plea stage, as in the "1988 conviction", *Tovar* holds that no specific script is required and that the information the defendant needs is less than at trial. The defendant must be alerted to his right to the assistance of counsel in entering the plea, in addition to the right to counsel at trial should he not plead guilty. *Id.* at 87.

The transcript presented to the Louisiana district court contained the following colloquy eliciting a waiver:

```
     [Prosecutor] MS. SCHWARTZ: OKAY. YOU ALSO HAVE A RIGHT TO AN
ATTORNEY, WHICH YOU HAD EARLIER INDICATED YOU DID NOT WANT.
     BY PLEADING NO CONTEST HERE BY YOURSELF YOU'LL BE GIVING UP
THAT RIGHT.
     DO YOU UNDERSTAND THAT?

     THE DEFENDANT: YES.

     MS. SCHWARTZ: IS THAT WHAT YOU WANT TO DO?

     THE DEFENDANT: YES.

     MS. SCHWARTZ: OKAY. SIR, YOU ALSO HAVE A RIGHT – ALL RIGHT.
```
State Rec. Vol 7, 3/10/88 Transcript, p. 6 (rec. p. 1030). The transcript is somewhat unclear as to whether petitioner knew of his right to counsel both at trial and at the plea hearing itself. It also fails to indicate that the petitioner was

informed of his right to have counsel appointed for him if he could not afford it.

However, under La. R.S. § 15:529.1 Petitioner had the burden of proving to the Louisiana court by a preponderance of the evidence that he did not effectively waive his right to counsel. Petitioner's argument failed to raise the concerns this Court expresses, relying instead on the incorrect legal argument that the judge and not the district attorney must inform a defendant of his rights. In addition, the transcript indicates that petitioner had been represented by counsel in the past with regard to the same charges, and had been on the verge of proceeding to trial without counsel. The transcript indicates that the prosecutor had discussed the right to counsel off record prior to the plea hearing. The transcript also indicates that the presiding judge in the California court had previously heard a motion to suppress in the case and conducted a probable cause determination. The presiding judge specifically found that petitioner had been advised of his constitutional rights and the consequences of waiving them, and that petitioner had in fact waived them. As in *Tovar*, the petitioner never asserted to the Louisiana district judge that he *was* unaware of his right to counsel or what additional information counsel could have provided. 541 U.S. at 92-93. Although this Court, in weighing the

11

range of case-specific factors, may have made a different determination of the facts based on the evidence, incorrect or erroneous application of federal law is insufficient; the application must also be objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Whether the reviewing court views the evidence as sufficient is irrelevant. *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001). This Court cannot say that the Louisiana district court was unreasonable in weighing the evidence in this case and concluding that the evidence before it supported a finding of effective waiver. This Court must therefore defer to the State court's finding.

### B. *Effectiveness of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. If a court finds that petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong. *Id.* A petitioner seeking relief must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *See id.* at 697. In order to prove deficient performance, the petitioner must identify the acts or omissions of counsel that are alleged not to be the

result of reasonable professional judgment. *Id.* at 690. "The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* In order to prove prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

After correctly outlining the law on ineffectiveness of counsel, the State court found petitioner's trial counsel to have been "more than adequate". State Rec., Vol. 7, Order of Dismissal Without Answer at 3. A claim of ineffective assistance of counsel is a mixed question of law and fact. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002). Therefore, this Court must defer to the state court on such claims unless the State court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). This Court cannot say that the State court's application of the law was unreasonable.

In addition, because petitioner cannot show a reasonable probability that the outcome would have been different,

petitioner's ineffective assistance of counsel claim must fail. The same State court judge that conducted the original enhancement hearing found the 1988 waiver to be effective after considering the merits of the claim.  There is no indication that, had petitioner's trial counsel challenged the effectiveness of the 1988 waiver at the original enhancement hearing, the outcome would have been any different.

## CONCLUSION

The Court approves the Report and Recommendation of the Magistrate Judge as to all claims not challenged in petitioner's objections. Having reviewed the remaining two claims, the Court finds that petitioner is not entitled to relief.

Accordingly,

**IT IS ORDERED** that the petition for federal *habeas corpus* relief filed by Darren Mallard is **DENIED**.

New Orleans, Louisiana this the 14th day of November, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE